## HURTGEN v. KANTROWITZ ET AL.

1. ATTACHMENT ON DEBTS NOT DUE.— Under General Statutes, section 2003, providing for attachment in certain cases upon debts not at the time due, defendant in attachment on notes not due is not entitled to judgment on the merits, on the ground that the notes were not due when the suit was instituted, when plaintiff brings himself within the provisions of the statute by his affidavit and sustains the grounds of attachment by his evidence.

2. APPEAL FROM JUSTICE'S JUDGMENT TO COUNTY COURT — NEW TRIAL OF ALL ISSUES.— Where in an attachment before a justice of the peace the issues in attachment and upon the merits are tried at the same time, and judgment on both issues is rendered for defendant, from which plaintiff appeals, the county court should retry the issues in attachment, as well as on the merits, under General Statutes, sections 1979, 1987, providing for the right of appeal from all judgments rendered by justices, and that the rights of the parties shall be the same as in the original action, and shall be determined in a summary way.

*Appeal from Arapahoe County Court.*

Mr. H. B. JOHNSON, for appellant.

MR. JUSTICE HAYT delivered the opinion of the court.

This action was commenced before a justice of the peace by attachment upon promissory notes not at the time due. In the affidavit several statutory grounds for attachment are alleged. This affidavit was traversed; and a motion to dissolve the same was interposed. The issue thus made was by consent tried with the trial upon the merits. The justice dissolved the attachment, and gave judgment upon the merits for the defendants. The record shows that an appeal was promptly taken "from the judgment aforesaid" to the county court, where the cause was tried to the court without the intervention of a jury. No appearance was entered in the county court by or for the defendants, or either of them. Upon this trial the notes were introduced, and the grounds of attachment fully sustained by the evidence.

The county court, however, being of the opinion that the order dissolving the attachment was not an appealable order, and could not for this reason be reviewed, gave judgment for the defendants upon the merits, as the notes were not due at the time of the institution of the suit. This was error. It is immaterial as to whether the order dissolving the attachment is an appealable order or not. It is followed by a final judgment for the defendants, and from this judgment an appeal was duly taken, and the attachment issue was thereby appealed as a part of the main case.

The statute makes express provision for the commencement of actions by attachment in certain instances upon debts and liabilities not at the time due. Gen. St. § 2003. The plaintiff by his affidavit brought himself within the provisions of the statute. The fact that the attachment issue was decided against him by the justice did not preclude plaintiff from having this issue retried upon appeal. Any other conclusion would have the effect of making the

determination of a justice of the peace affecting property rights final and conclusive. This is contrary to both the letter and the spirit of our justices' act. In this act the right of appeal, with the single exception of judgments taken by confession, is given from all final judgments rendered by these magistrates, irrespective of whether such judgments are for or against the party taking the same. Gen. St. § 1979. It is also provided that no exception need be taken to any of the proceedings before a justice, and the appellate court is required to determine the case in a summary way, according to the rights of the parties. Gen. St. § 1987. And it is further provided that the rights of the parties upon appeal shall be the same as in the original action. Id. § 1989. In other words, the trial on appeal is *de novo.* An attachment may be a vital part of the case, and, in our opinion, the language employed by the legislature in the provisions cited is broad enough to permit the bringing up for review the attachment as a part of the case.

The rights of third parties do not appear to be involved in this case, and the case is decided without reference to what the effect of an appeal might be upon such rights. When such rights are involved it is manifest that the attachment lien may be lost, when it would not be if viewed in reference to the two parties alone. We are clearly of the opinion that the county court was in error in holding that it had no right to retry the issue made upon the attachment. Wade, Attachm. § 294; *Myers v. Mott,* 29 Cal. 359; *Danforth, Davis & Co. v. Carter & May,* 4 Iowa, 229. The case will be reversed, and remanded for further proceedings.

*Reversed.*