Thomson, P. J.,
delivered the opinion of the court.
The complaint alleged the institution of an action by the appellee against J. H. Plirschfeld, the issue of a writ of attachment in the suit; the seizure of property by virtue of the writ; the execution by the attachment defendant, with the appellant and James Naser as sureties, of a redelivery undertaking in due statutory form, by virtue of which the property attached was released; the subsequent recovery of judgment against Hirschfeld; the nonpayment of the judgment ; a demand upon the appellant and Naser for the redelivery of the attached property, and their refusal to deliver it: The answer admitted the- averments of the complaint, and affirmatively set-forth some matters, which, if true, would not perhaps, in themselves, constitute a defense to the action. On motion of the appellee, the court rendered judgment in his favor on the pleadings for $215.41 against the appellant. The rendition of this judgment is assigned for error.
The code, sec. 112, provides for the release of property taken in attachment, upon the execution to the plaintiff by the defendant, and at least two sureties, of an undertaking, to the effect that if the plaintiff recovers judgment in the action, and the attachment is not dissolved, the attachment defendant will, on demand, redeliver the attached property to the proper officer, to be applied to the payment of the judgment ; and that, in default of such delivery, the defendant and sureties will pay to the plaintiff the full value of the property released. The undertaking in suit contained the foregoing covenants and conditions; and, in such respect, conformed exactly to the code requirements. But the complaint is not sufficient to support the judgment. It fails *65 utterly to state a cause of action. In order that any liability may accrue against the sureties upon a redelivery undertaking in attachment, a redelivery of the property released must be demanded from the attachment defendant.
A complaint must allege every fact essential to a recovery by the plaintiff, or it is bad. This complaint contains no allegation that demand was ever made upon the attachment defendant for a redelivery of the released property to the proper officer. Such demand is by the terms of the undertaking made a necessary condition precedent to a right of action against the sureties. If the demand had been made, the defendant might have returned the property without objection; and the sureties bound themselves for the payment of the money only on condition that such demand should be made. It is true that the complaint alleged a demand upon the sureties; but neither the undertaking nor the law requires a demand to be made upon them. The property was not in their possession, and they could not deliver what they did not have. The demand must be made upon the defendant himself, and if such demand is not made, there is no cause of action on the. undertaking.
So far as the record discloses, counsel for the appellant made no objection to the complaint below; and except as. the question is involved in his assignment of error, he makes-none here. If the judgment had been rendered after a trial,, and upon any evidence which would warrant it, we would! not consider it incumbent upon us, without invitation, to' notice the defects in the pleading. But the rendition of the judgment without trial, and solely upon the allegations, of the complaint and answer, has made an inspection of those pleadings necessary; and, finding the complaint wholly insufficient, we do not conceive it to be our duty to sustain, a, judgment which rests on nothing, simply because the point of the insufficiency of the complaint is not specifically made. The judgment was erroneous; and, as error is assigned to its rendition, it must be reversed.

Reversed.