[No. 3221.  Decided February 24, 1899.]

JOHN ANDERSON, *Respondent*, v. F. C. TINGLEY, *Appellant*.

LOGGER'S  LIEN—ENFORCEMENT—STATUTORY  RECEIVER—APPEAL—
     SUPERSEDEAS—EFFECT ON RECEIVER'S RIGHT OF POSSESSION.

Under Laws 1893, p. 428, which provide that, in the enforcement of the lien there given upon saw logs and other timber to those employed in getting them out, the sheriff of the county shall be a receiver in the case for the purposes of the act, the statute contemplates that it is part of the remedy for the sheriff to hold such logs until the case is determined and the lien satisfied, and their release cannot be procured by the giving of a supersedeas bond at the time of taking an appeal, or by the deposit in court of the value of the logs.

The filing of a supersedeas bond on appeal only stays proceedings in the case as it exists at the time of the rendition of the judgment, and would not relate back to an anterior order of the court appointing a receiver in the case.

*Original Application for Mandamus.*

*E. C. Million,* for relator.

The opinion of the court was delivered by

DUNBAR, J.—The respondent brought an action to foreclose a lien upon certain sawlogs owned by the appellant, which were at the time of the commencement of this action, and are now, lying at the mouth of the Skagit river, in Skagit county. At the time of the commencement of the action, the court appointed the sheriff of Skagit county as receiver of said logs. The appointment was made on the 24th day of January, 1899. On the 26th of January the cause was tried and judgment rendered in favor of the respondent, establishing his lien, and for judgment for his claim. After the entering of the decree ordering the sale of the logs, appellant appealed the cause to this court, and has perfected said appeal by filing with the clerk of said superior court a good and sufficient stay bond fixed by the superior court. Upon the filing of the stay bond aforesaid, the appellant demanded of the court the release of the logs, but the court refused to release or discharge said logs, or permit the appellant to exercise any control over the same, or interfere with the possession thereof, and the same remain in the possession of the sheriff. The relief asked for here is a mandamus to compel the superior court to make an order directing that said logs be released from the custody and control of the sheriff, and that they be returned to the custody and control of the appellant.

This case involves the construction of chapter 132 of the Laws of 1893, p. 428 (Bal Code, §§ 5930-5949), an act providing for liens upon sawlogs, spars, piles or other timber, and upon lumber and shingles, and concerning the remedy to secure and obtain such liens, and the benefit thereof, and the manner and procedure of obtaining the same. Section 4 of said act (Bal. Code, § 5933) provides that the liens provided for in this chapter are preferred liens and are prior to any other liens, and that no sale or

38—20 WASH.

transfer of any saw logs, spars, piles or other timber or manufactured lumber or shingles shall divest the lien thereon as herein provided. Section 7 (Bal. Code, § 5936) provides for the filing of the lien. Section 11 (Bal. Code, § 5940) provides that the lien shall be enforced by a civil action. Section 12 (Bal. Code, § 5941) provides that the sheriff of the county wherein the lien is filed shall be a receiver for the purpose of this act. Section 14 (Bal. Code, § 5943) provides that any person who shall bring a civil action to enforce the lien herein provided for, or any person having a lien as herein provided for, who shall be made a party to any civil action, has a right to demand that such lien be enforced against the whole or any part of the saw logs, spars, piles or other timber or manufactured lumber or shingles upon which he has performed labor, etc. It will be observed that there is no provision in the statute for superseding the receivership provided for by the statute in cases of this kind. It is contended, however, by the appellant that this being an equitable case, and the only object of the law being to protect the lienor, that object is met by the furnishing of a supersedeas bond, or the deposit in court of the value of the logs, which would amount substantially to the same thing.

We are inclined to think, however, that the writ cannot issue in this case. The legislature has provided the remedy and has provided in terms that, when these foreclosure proceedings are commenced, the sheriff of the county shall be the receiver of the logs. This is a part of the remedy, a subject over which the legislature has absolute control, in the absence of the violation of any constitutional guaranty, a question which has not been raised in this case. The whole act shows that it was the intention of the legislature to give an absolute lien upon timber of this kind to workmen, and that that lien should be held sacred until the debt was satisfied; and we do not think it is

within the power of the court to substitute personal security for the security which is specially provided for by the law, any more than it would have the power to compel the reception of personal security for a mortgagee in lieu of the security contracted for. The contract in one instance is no more binding than the law in the other. The remedy may be unnecessarily harsh, and a more equitable remedy might have been provided; but that was a question which was submitted to the discretion of the law-making power.

Appellant has cited to sustain his contention some cases from this court, among them *State ex rel. Barnard v. Board of Education,* 19 Wash. 8 (52 Pac. 317), where it was held that the appellate court could issue orders of supersedeas in cases not provided by statute, pending the determination of the appeal on its merits. But that doctrine was announced under the constitutional provision that the supreme court shall have power to issue all writs necessary and proper to the complete exercise of its appellate jurisdiction; and in that case it plainly appeared that the fruits of the litigation would have been lost to the relator if the writ had not issued. *State ex rel. German-American, etc., Bank v. Superior Court,* 12 Wash. 677 (42 Pac. 123), is also relied upon. There it was held that, under the statutes of this state, upon an appeal from an order appointing a receiver, the appellant was entitled to a stay of proceedings upon complying with the provisions therefor, the same as upon an appeal from any other order or judgment. But in that case, outside of the other questions that are discussed which take it out of the principles governing this case, the appeal was from an order appointing the receiver. In this case, it will be observed that the appeal is not from the order of the court appointing the receiver, but the appeal is from the judgment allowing the claim and establishing the lien. Superseding that appeal could only supersede the case as it ex-

isted at the time the judgment was rendered; or, in other words, it would only supersede the judgment, and would not relate back to some anterior order of the court, even if it could be conceded that the appointment of the receiver in this case was a matter over which the court had jurisdiction, and was not an absolute provision of the law. The supersedeas bond would stay the enforcement of the judgment and prevent the sale of the logs under execution. We do not think in this case it could go beyond that.

In *Dulin v. Pacific Wood & Coal Co.,* 98 Cal. 304 (33 Pac. 123), it is held that a stay of proceedings only affects subsequent proceedings after judgment. The court in that case, among other things, said:

" 'The only effect of an appeal to a court of error, when judgment from which it is taken.' And herein should be observed the distinction between the effect of an appeal from a judgment in staying further proceedings thereon, and its effect in depriving the judgment itself of any efficacy as evidence of the fact determined. The appeal suspends its force as a conclusive determination of the rights of the parties, but the stay of proceedings consequent upon the appeal is limited to the enforcement of the judgment itself, and does not destroy or impair its character. The purpose of the present application is not to prevent the court from taking any action to enforce its judgment, but to prevent Dulin from acting as one of the directors of the corporation. His assuming to be such director, while it may be in consequence of the judgment, is not a proceeding upon the judgment."

So, in this case, the action of the sheriff in holding the possession of these logs as a statutory receiver is not in pursuance of the judgment, or in pursuance either of his appointment when the complaint was filed, or of the statutory requirement.

In *Collins v. Burns,* 16 Colo. 7 (26 Pac. 145), it was held that an attachment which had issued prior to the

judgment was not dissolved or superseded by a supersedeas bond which stayed the execution of the judgment. In *Woolfolk v. Bruns,* 45 Minn. 96 (47 N. W. 460), it was held that, upon an appeal from an order, proceedings on it are stayed and rights under it stayed only as to the date of the filing of the supersedeas bond, and that the supersedeas does not relate back to the date of the order, so as to annul the proceedings already had. See, also, *Day v. Holland,* 15 Ore. 464 (15 Pac. 855), and cases cited.

The writ will be denied.

ANDERS, FULLERTON and REAVIS, JJ., concur.

GORDON, C. J., not sitting.