[No. 3221.   Decided April 9, 1901.]

JOHN ANDERSON, *Respondent,* v. F. C. TINGLEY, *Appellant.*

LOGS AND LOGGING — RIGHT OF LIEN — WAIVER BY CONTRACT.

Where a laborer employed in getting out saw logs entered into an agreement whereby the employer was not to pay therefor until he had sold the logs to some mill and received the proceeds of the sale, the laborer thereby waived his statutory right of lien by his contract to give his employer the absolute possession and power of disposal of the logs.

Appeal from Superior Court, Skagit County.—Hon. JESSE P. HOUSER, Judge. Reversed.

*E. C. Million,* for appellant.

PER CURIAM.—This cause is here on appeal from the superior court of Skagit county, and is an action for the foreclosure of a logger's lien. Several of the questions suggested in appellant's brief have already been decided by this court adversely to appellant in *Anderson v. Tingley,* 20 Wash. 592 (56 Pac. 371), which was an application for a writ of mandamus against the superior court, and grew out of this cause, which is now here for decision on the merits. No statement of facts is brought here with the record, and the cause is submitted on the court's findings of facts and conclusions of law. The third finding of facts is as follows, to-wit:

"That on or about the first day of November, 1898, the plaintiff and defendant entered into an agreement whereby the plaintiff was to cut, bark, swamp and tend hook in the procuring of certain saw logs, and was to receive therefor in full for all of said work the sum of one dollar per thousand feet board measure; and it was especially agreed that the amount of said logs so cut was to be determined by the mill scale or the scale at which said logs were sold to some mill on Puget Sound, and that the plaintiff should not have and receive his pay for said services until the defendant had sold said logs and received the proceeds thereof from such mill."

Were it not for the latter portion of the said finding, we should see no objection to affirming the judgment. The difficulty we encounter is in the following words of the finding, to-wit:

"It was especially agreed that the amount of said logs so cut was to be determined by the mill scale or the scale at which said logs were sold to some mill on Puget Sound, *and that the plaintiff should not have and receive his pay*

*for said services until the defendant had sold said logs
and received the proceeds thereof from such mill."*

We think the contract as found by the court must be
held to negative the intention of respondent to claim a
lien. He could not retain possession and dominion over
the logs for the purposes of a lien and at the same time
permit the appellant to sell them to some mill and pay
him from the proceeds of such sale.

"There can be no lien, at common law or by usage,
where the parties make a special agreement inconsistent
with a lien, either for a particular mode of payment, or
for payment at a future particular time, although without
such agreement the right to a lien would be implied or
recognized. If such agreement is antecedent to the pos-
session, no lien is created; if it is made afterwards, the
lien is waived." 1 Jones, Liens (2d ed.), § 1002.

Again, quoting from § 747 of the same volume:

"One who contracts to haul and deliver lumber on board
cars, at an agreed price to be paid when the lumber is sold
in the market and the proceeds are received by the owner,
has no lien thereon for his labor. The obligation to de-
liver the lumber before payment negatives the right to
detain until payment. He has waived the lien by his con-
tract, and cannot set it up in violation of his contract."

See, also, cases cited under said sections.

We think the contract involved here falls within the
rule above announced. It is true the subject of common
law liens is more directly under consideration in the text
quoted; but we see no difference in the principle which
must apply here. Retention of possession by the lienor
was a necessary element of the common law lien, and if
one would maintain the statutory lien, he must also keep
himself in position to retain dominion and control over
the property in the method provided by statute. This
the respondent cannot do under his contract. He agreed
that appellant might sell the logs and pay him from the

purchase money, which can only mean that appellant was to have absolute possession, and was authorized to pass possession over to a purchaser. Respondent's counsel argues in his brief that appellant was to furnish certain supplies to respondent, and the court so finds; but we are unable to discover any finding that no supplies were furnished, and, in the absence of the evidence, we cannot say that there was a breach on the part of appellant that would operate to affect respondent's rights under the contract. Under the provisions of the contract the money was not due until the logs were sold. The findings show that the action was brought while the appellant was endeavoring to sell the logs. We think the court erred in its conclusions of law from the facts as found. The lien must be denied because of the terms of the contract.

The judgment is reversed and the cause remanded, with instructions to the court below to enter judgment for appellant dismissing the action, with costs to appellant.