[No. 6548.]

## KING ET AL. v. WATSON.

1. JUSTICE OF THE PEACE—*Appeal—Effect*—Where in an action before the justice of the peace, an attachment is issued and levied, and a forthcoming bond given by the defendant a judgment of the justice dissolving the attachment is not final. An appeal taken and perfected in due season in the main cause, keeps the attachment in force, and brings this ancillary proceeding into the county court as an incident; and if in the county

court the attachment is sustained and judgment given for the plaintiff the sureties in the forthcoming bond are liable—(295, 296).

2. ATTACHMENT—*Forthcoming Bond—Effect*—The giving of a forthcoming bond by the defendant, and the release thereupon of his chattels which have been taken under attachment, does not dissolve the attachment—(296).

3. ——*Demand*—And where upon special execution issued from the county court, upon a judgment for the plaintiff, upon an appeal from the justice of the peace, before whom the cause was instituted, neither the defendant nor the attached goods are found, the plaintiff may have his action against the sureties in the forthcoming bond, though no demand is averred—(297).

The law does not require impossibilities—(297).

4. SURETIES—*Relation to Cause*—The sureties in a forthcoming bond given to release chattels attached in an action commenced before a justice are not strangers to the judgment given in the county court, on an appeal from the justice, in such sense that they may acquire rights in the attached property as against the parties to the action—(296).

5. CASES DISTINGUISHED—Murray v. Ginsberg, 10 Col. Ap. 63. —(297).

*Error to Pueblo County Court*—HON. FRANK G. MIRICK, Judge.

Mr. JAMES A. PARK for plaintiff in error.

Mr. JOSEPH DYE for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

This is an action against sureties on a forthcoming, or delivery, bond. The instrument was given by a defendant in an action before a justice of the peace, to secure the release of his personal property attached therein, and its surrender to defendant by the constable followed, as the statute requires. Upon the trial before the justice, judgment was for defendant, and the attachment was dissolved. Within the statutory time therefor plaintiff appealed from the judgment to the county court. Defendant did not follow up the appeal,

and judgment in the county court went for plaintiff and the attachment was sustained. A special execution was issued out of the county court directing the sheriff to sell the property theretofore attached while the action was pending before the justice, and the sheriff made a return upon the writ that neither defendant nor the property could be found. At plaintiff's instance he then demanded of the sureties return of the property, which was refused. This action was thereupon brought by plaintiff against them on their forthcoming bond. It was in the alternative, that if the judgment was for plaintiff and the attachment was sustained, the sureties would restore the released property to the constable, or pay plaintiff the amount of the judgment.

The sureties, who were unsuccessful below, rely for reversal chiefly upon the proposition that the dissolution of the attachment by the justice of the peace, when he decided the cause upon its merits for the defendant, operated as a release of the sureties upon their forthcoming bond. If, on the appeal, the county court had dissolved the attachment and its judgment to that effect was not set aside, the sureties' obligation would cease. But the judgment of the justice was not final. It was appealed from by plaintiff within the statutory time, and the cause was lodged in the county court, and trial there resulted in a judgment for plaintiff and the attachment was sustained. Trial in the county court was *de novo,* and whether or not the order of the justice of the peace dissolving the attachment is separately appealable, the appeal from the judgment in the main cause brought up the ancillary attachment proceedings as an incident thereto.

The case at bar is, in principle, decided against the contention of plaintiff in error here in *Hurtgen v. Kantrovitz,* 15 Colo. 442. That action was commenced before a justice of the peace by attachment upon promissory notes not due at the time. The affidavit for attach-

ment was traversed and the justice sustained the tra-
verse, dissolved the attachment and gave judgment
upon the merits for defendants. Plaintiff appealed
from the justice's judgment to the county court. The
trial there was in plaintiff's favor and the attachment
was sustained. These facts fit this case exactly. The
point made in that case, when it reached the supreme
court, was that the order of the justice dissolving the
attachment was not appealable and for this reason
could not be reviewed in the county court when the
appeal was merely from the judgment on the merits.
This court said the point was not well taken, and that,
where there was a final judgment for defendants be-
fore the justice and plaintiff appealed therefrom, "the
attachment issue was thereby appealed as a part of the
main case." The court remarked that no rights of
third persons were involved, and that where they are it
might be that the attachment lien as against them
would be lost. No rights of third persons are here as-
serted. The sureties upon the forthcoming bond are
not strangers to the judgment in the county court in
the sense that they may, if at all, like a subsequent
purchaser, or incumbrancer, in good faith, acquire
rights as against the plaintiff or defendant in the
action.

Our conclusion is in line with the authorities gen-
erally. In Drake on Attachments (7 ed.) Sec. 428, the
learned author says that "where the attachment plain-
tiff acts promptly in taking the case to a higher court,
by appeal or writ of error, operating as a *supersedeas,*"
the lien of the attachment is not divested. In 3 Am. &
Eng. Enc. of Law (2 ed.) p. 242, it is said that where
"the plaintiff perfects his appeal within the required
statutory time it will have the effect of preventing the
dissolution of the attachment, which would otherwise
be caused by judgment in favor of the defendant." Of
course, if the attachment is not dissolved, the obligation

of the sureties on a delivery bond to redeliver the attached property, if the appellate court sustains the attachment, is continued as a result of such appeal. Though not directly in point, *Chittenden v. Nichols,* 31 Colo. 202, which establishes the doctrine that a forthcoming bond, though it releases attached property from the custody of the officer, does not dissolve the attachment, is in line with our conclusion. In *Collins v. Burns,* 16 Colo. 7, Mr. Justice Helm, in speaking of the method of procuring the dissolution of attachments and the return of the property, said, if the specific remedies provided by the statute are not invoked, "there seems to be no legal alternative but for the levy to remain in force, and for the sheriff to retain possession of personal property taken under his writ." This harmonizes with our conclusion, which is, that where a forthcoming or delivery bond which is given by a defendant in a justice's court to secure, and is followed by, the release of attached personal property, though the justice of the peace thereafter finds for defendant, and dissolves the attachment, the sureties are still liable on their bond, if, on a duly perfected appeal to the county court by plaintiff, the appellate court on a trial *de novo* renders judgment for plaintiff and sustains the attachment.

The further point is made that upon the agreed statement of facts it does not appear that a demand was made by plaintiff, judgment creditor, against defendant for a redelivery of the property to the constable or to the sheriff, although such demand was made of the sureties, and *Murray v. Ginsberg,* 10 Colo. App. 63 is cited. That case is authority for the contention under its own facts. Here, however, the record shows that neither the property nor the defendant was within the jurisdiction of the county court, and defendant could not be found. The judgment creditor could not, therefore, make demand upon the judgment debtor for such return. The law does not require an impossibility,

and this action will not be defeated because demand was not made on a party who could not be found. Other reasons might be assigned for the affirmanec of the judgment. No other questions argued merit considera- tion. The judgment should, therefore, be affirmed.

*Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.