## No. 11,519.

WESTERN WOOD PRODUCTS *v.* TITTLE, ET AL.

Decided May 10, 1926.   Rehearing denied June 1, 1926.

### Action in attachment. Judgment for plaintiffs.

### *Affirmed.*

### *On Application for Supersedeas.*

1.  VENUE—*Change.* Where, after motion for change of venue, on the ground of prejudice of the inhabitants, was denied, defendant waived a jury trial, it is held there was no prejudicial error in denying the motion.

2.  APPEALS—*County to District Court—Trial.* Where a case is appealed from county to district court, it stands for trial de novo upon the motions, pleadings and records transmitted from the county court.

3.  *County to District Court—Attachment—Dissolution.* On appeal of an attachment case from county to district court, where no attempt was made by defendant to bring to a hearing motions to quash, or to try collateral issues raised in the county court, such matters will be deemed to have been abandoned.

4.  APPEAL AND ERROR—*No Exceptions.* Rulings of the trial court to which no exceptions are reserved will not be considered on review.

*Error to the District Court of Saguache County, Hon. J. C. Wiley, Judge.*

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, for plaintiff in error.

Mr. JOHN I. PALMER, for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS cause is here on error to review a judgment of the district court rendered in a suit in attachment, on an appeal from the county court of Saguache county. The action was brought by defendants in error, as plaintiffs below, against plaintiff in error, as defendant below, and the parties will be referred to as they appeared in that court.

The trial to the court without a jury resulted in a judgment sustaining the attachment in favor of the plaintiffs. The defendant applies for a supersedeas.

It is contended by defendant that the court erred in denying its motion for a change of venue. The motion for a change of venue and the supporting affidavits were based solely on the prejudice of the inhabitants of that county. After the denial of the motion defendant waived a jury trial. In this state of the record, no prejudicial error is made to appear.

Error is assigned to the ruling of the court made at the commencement of the trial, requiring the defendant to proceed with the trial upon the issues framed by the pleadings in the county court. This objection is without merit. When the case was appealed to the district court, it stood for trial from the beginning de novo, upon the motions, pleadings and record transmitted from the county court. No attempt was made by defendant to bring to a hearing in the district court the motions to quash, or to try the collateral issues raised in the county court. If the defendant desired these issues retried in the district court, it was its duty to notice them for hearing and trial before the trial of the main case on the merits; otherwise, the defendant must be deemed to have abandoned the dissolution proceedings. *Collins v. Burns,* 16 Colo. 7, 9, 26 Pac. 145.

We cannot review the refusal of the court to entertain the new traverse and motions to quash offered by defendant upon the trial, because the record shows no exception reserved by defendant to the ruling of the court thereon.

We find no reversible error in the record. Supersedeas denied, judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.