[No. 7411.    Decided May 18, 1909.]

T. H. BELLINGHAM, *Respondent*, v. JOHN W. LINCK *et al.*,
*Appellants.*[1]

APPEARANCE—PROCESS—WAIVER OF DEFECTS IN SUMMONS. An ob-
 jection as to the sufficiency of the summons is waived by a general.
appearance or voluntarily pleading to the merits and going to trial
without saving a special appearance.

MECHANICS' LIENS—NOTICE—NONLIENABLE ITEMS—EFFECT. In--
cluding in a lien notice in good faith an item of $18 paid for water-
connections incident to the plumbing work, does not render the lien
void as to other items, even if that item was nonlienable.

PLEADING—BILL OF PARTICULARS—MAKING MORE SPECIFIC—ME--
CHANICS' LIENS. It is not an abuse of discretion to deny a motion
to make a bill of particulars more specific in an action to foreclose
a mechanics' lien, by setting out the names of all persons who
labored on the building, in order that defendant may secure their-
evidence.

TRIAL—APPEAL—DISCRETION—EVIDENCE—ORDER OF ADMISSION. A
case will not be reversed for allowing evidence in rebuttal that plain--

[1]Reported in 101 Pac. 843.

tiff might have introduced in chief, except on the plainest abuse of discretion, and where there was no refusal to allow evidence in reply thereto.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 28, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien. Affirmed.

*F. Campbell*, *T. L. Stiles*, and *E. L. Culver*, for appellants.
*Marshall K. Snell* and *Bertha M. Snell*, for respondent.

PARKER, J.—This is an action to foreclose a lien for material and labor furnished in plumbing a building of the defendants in Tacoma. A trial of the cause upon the merits resulted in findings and judgment in favor of the plaintiff and against the defendants for the sum of $396.10, which, less $18, was decreed to be a lien upon the property of defendants. We will notice the facts so far as necessary in connection with each error discussed.

Counsel for appellants contend that the summons shows a fatal defect upon its face, in that it did not state any place for the service of the defendants' answer or other pleadings. This contention seems to be based upon the assumption that a motion to quash the summons was seasonably made in the court below. But we find no such motion or ruling of the court thereon in the record. Should we treat this contention as an objection to the sufficiency of the summons made direct to this court, rather than as an alleged error of the lower court, then, in the light of the record, it is plain that defendants waived all defects in the summons as well as service thereof by a general appearance and answering upon the merits before making any such objection. If the defect in the summons is of such seriousness that it could be regarded as jurisdictional, it would, in any event, present only the question of jurisdiction over the persons of the defend-

ants, and not over the subject-matter; hence, could be, and was waived by defendants, by voluntarily pleading and going to trial upon the merits. *Meigs v. Keach*, 1 W. T. 306; *Wagnitz v. Ritter*, 31 Wash. 343, 71 Pac. 1035; *Mulholland v. Washington Match Co.*, 35 Wash. 315, 77 Pac. 497. Such defects in process are waived by answering upon the merits, even after special appearance and motion to quash, unless the special appearance is preserved. *Walters v. Field*, 29 Wash. 558, 70 Pac. 66; *Larsen v. Allan Line Steamship Co.*, 37 Wash. 555, 80 Pac. 181, 9 L. R. A. (N. S.) 1258; *Gaffner v. Johnson*, 39 Wash. 437, 81 Pac. 859.

It is contended that the insertion in the lien notice filed in the auditor's office, of certain nonlienable items, rendered the notice of no effect as a basis for this foreclosure. The trial court found that $18 of the amount claimed had been paid by the plaintiff to the city in securing water connections for the property, which did not constitute material or labor forming part of the building, and concluded that the property was not subject to lien therefor; but also found that it was expended by plaintiff for the benefit of defendants; that it was necessary expense incident to the plumbing; that it was done at the request of the defendants; that it was included in the lien notice in good faith, and defendants were not injured thereby; all of which seems to be clearly shown by the evidence. This item was included in the personal judgment rendered against the defendants, but not in the amount decreed as a lien upon the property. Even if this is not a lienable item, we are of the opinion that the lien upon the property for the value of the other work and material was not impaired by the insertion of it in the notice. *Powell v. Nolan*, 27 Wash. 318, 67 Pac. 712, 68 Pac. 389; *Maris v. Clevenger*, 29 Wash. 395, 69 Pac. 1089; *Robinson v. Brooks*, 31 Wash. 60, 71 Pac. 721; *Strandell v. Moran*, 49 Wash. 533, 95 Pac. 1106.

Defendants motion to require plaintiff to make his bill of particulars, which had been furnished upon demand, more

specific, was denied by the court, which is now claimed as
error. The bill is an itemized statement of the material and
labor furnished, showing the amount claimed for each item
of material, and the labor claim is in one item. In their
motion defendants asked that plaintiff be required to make
this item more specific by setting out the names of all the men
who worked upon the house, the number of days each man
worked, and the wages paid each man. The purpose of de-
fendants in asking this information is clearly stated in their
argument as follows: "Defendants were entitled to this so
they could bring those persons into court and get the ben-
efit of their testimony." We do not regard that the pur-
pose or office of a bill of particulars is to disclose evidence
upon which plaintiff relies for recovery, nor to furnish de-
fendants with evidence or names of witnesses for defense.
*Blackburn v. Washington Gold Min. Co.*, 19 Wash. 361, 53
Pac. 369; *Ingram v. Wishkah Boom Co.*, 35 Wash. 191, 77
Pac. 34; 3 Ency. Plead. & Prac., p. 520. As to when
a bill of particulars should be required of a party to an
action, and as to what extent it should descend into de-
tails, when required, are matters resting largely in the dis-
cretion of the trial court. It is plain the court did not abuse
its discretion in this case when it denied defendants' motion.
*Ferry v. King County*, 2 Wash. 344, 26 Pac. 539; *Turner v.
Great Northern R. Co.*, 15 Wash. 213, 46 Pac. 243, 55 Am.
St. 883; 3 Ency. Plead. & Prac., pp. 524, 536.

After the close of the evidence for the defense, the court
permitted plaintiff, over the objection of defendants' counsel
to introduce evidence which they claim was not admissible in
rebuttal, but was in effect only cumulative and upon plain-
tiff's original case, which is now claimed as error. There is
plausibility in the argument of respondent's counsel that, in
view of the affirmative matter pleaded in the answer, this evi-
dence was in any event admissible. However, we prefer to
dispose of the question on the broader ground that it was a
matter within the discretion of the trial court, and only

the plainest abuse of that discretion showing prejudice to the rights of the defendants would call for correction from this court. It does not appear that defendants offered or desired to produce further evidence to meet this additional evidence of the plaintiff. They were evidently in no worse condition than as if this evidence had been offered in plaintiff's original case. If they were, and had offered evidence in reply thereto, and the court had refused such offer, there might be prejudicial error. 1 Thompson, Trials, §§ 346, 347; *Cogswell v. West St. & N. E. Elec. R. Co.*, 5 Wash. 46, 31 Pac. 411; *Thorne v. Joy*, 15 Wash. 83, 45 Pac. 642; *Bergman v. London & Lancashire Fire Ins. Co.*, 34 Wash. 398, 75 Pac. 989.

The contention made by appellants' counsel that the evidence does not support the court's findings as to the amount and value of the material and labor, and, also, that the evidence shows they were damaged by reason of delay in performance of the contract, and for that reason were entitled to reduction in price, present only questions of fact on which there is some conflict of evidence. We have carefully reviewed the whole of the evidence, and conclude that we are not warranted in disturbing the court's findings of fact upon these questions.

The foregoing disposes of all the matters which we regard as of sufficient importance for our review. We are of the opinion that the record does not show any error on the part of the learned trial court, and that its judgment and decree should be affirmed. It is so ordered.

ALL CONCUR.