[No. 11646.  Department Two.  May 16, 1914.]

ROY NORTON *et al., Respondents*, v. PACIFIC POWER & LIGHT
COMPANY, *Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS — OBSTRUCTIONS — EVIDENCE—
SUFFICIENCY.  The fact that a gas company was the owner of a piece
of gas pipe projecting through the sidewalk and causing plaintiff's
injury, is sufficiently established, where the same was apparently
connected with the company's gas main, and after notice to the com-
pany, laborers came and removed the projecting pipe, claiming that
they were doing so for the company, and the company offered no
evidence on the subject.

TRIAL—CONDUCT—REOPENING CASE—DISCRETION.  The reopening
of plaintiff's case for further evidence, and the latitude to be allowed
thereon, are matters resting in the discretion of the trial court, and
no abuse appears when the defendant had not started its case and
was given full opportunity to rebut the additional evidence.

APPEAL—RECORD — STATEMENT OF FACTS — AFFIDAVITS.  Affidavits
used on a motion for a new trial cannot be considered on appeal,
when not brought up by bill of exceptions or statement of facts.

TRIAL—INSTRUCTIONS—REFUSAL OF REQUESTS.  It is not error to
refuse requested instructions that were embodied in the general
charge.

Appeal from a judgment of the superior court for Walla
Walla county, Mills, J., entered March 27, 1913, upon the
verdict of a jury rendered in favor of the plaintiffs, for per-
sonal injuries sustained in a fall upon a sidewalk.  Affirmed.

*Rader & Barker*, for appellants.
*Pedigo & Smith*, for respondents.

PARKER, J.—This is an action to recover damages for per-
sonal injuries which are claimed to have resulted to the
plaintiff Anna Selkirk Norton, from the negligence of the
defendant in maintaining a gas pipe projecting through the
sidewalk in a public street in Walla Walla.  Verdict and

[1]Reported in 140 Pac. 905.

judgment were rendered in favor of the plaintiff, from which the defendant has appealed.

Appellant maintains a gas main in the street in front of the respondents' home in Walla Walla. At the time in question, there was a gas pipe projecting through the sidewalk, near its outer edge, in front of respondents' home, at a height of about eight inches. This pipe was about three quarters of an inch in diameter, and had a cap screwed on the top. Under the sidewalk, it was connected with a pipe which led out towards appellant's gas main in the street. The main in the street is admitted to belong to appellant, but the ownership of the pipe which projected through the sidewalk is, we will assume, one of the controverted questions of fact raised by the pleadings, so that the burden was on respondents to show that this pipe belonged to appellant. During the evening of May 27, 1912, Mrs. Norton, upon returning home after spending the evening with friends, alighted from an automobile in front of her home, and proceeded to walk across the parking and sidewalk to her front door, when her foot struck against the gas pipe, causing her to fall, resulting in serious personal injuries to her for which she seeks recovery in this action.

It is first contended by counsel for appellant that the evidence does not sustain the verdict and judgment, in that there was a failure of proof of the ownership of the projecting gas pipe being in appellant. It must be conceded that the evidence was not very definite and certain upon this question, but there was testimony produced showing that the projecting pipe was, in fact, a gas pipe, that the mother of Mrs. Norton telephoned to appellant's office soon after the accident; that some men came soon thereafter, apparently in response to this telephone message, and removed the projecting pipe, claiming that they were doing so for appellant; and that the pipe was so situated and connected underneath the sidewalk as to have the appearance of being connected with appellant's gas main, though there was no evidence

that it was actually so connected. Appellant offered no evidence whatever upon the trial touching the question of the ownership of the projecting pipe. In view of these facts, we are of the opinion that there was sufficient evidence to warrant the jury in concluding that the projecting pipe belonged to appellant. The fact of whether or not appellant was the owner of the projecting pipe was perculiarly within its own knowledge, and if it were not the owner thereof, such fact could be easily proven by it. We do not mean by this that the burden of proof rested upon appellant as to this question, but we are constrained to view the circumstances as making that burden rest somewhat more lightly upon respondents than as if proof of the ownership of the pipe in appellant was equally available to both parties. 16 Cyc. 937.

At the close of respondents' evidence, and after appellant had made a motion for nonsuit upon the ground, among others, that there had been a failure of proof of ownership of the projecting pipe in appellant, and before the court ruled thereon, counsel for respondents asked leave to offer further evidence, which was granted over objection of counsel for appellant. When the evidence was produced, it took a somewhat wider range than the purpose indicated in the request made by counsel for respondents. It is insisted that the court erred, both in granting the request, and further, in permitting the evidence to take a wider range than was indicated by the request. This ruling of the court involved a matter of discretion; and, in view of the fact that counsel for appellant had ample opportunity to rebut whatever additional evidence was thus brought before the jury, since they had not even commenced to produce their answering evidence in behalf of appellant, we are quite clear that the trial court did not abuse its discretion in ruling as it did. *Bellingham v. Linck*, 53 Wash. 208, 101 Pac. 843.

One ground of the motion for new trial was misconduct of the jury. The motion was denied, and so far as it rested

upon this ground, was evidently supported by affidavits, and involved questions of fact as to the actions of the jurors claimed to be misconduct.   None of these affidavits are brought before us by bill of exceptions, or statement of facts; therefore, we have no legal means of knowing the facts considered by the court upon its denial of the motion.   *State v. Lee Wing Wah*, 53 Wash. 294, 101 Pac. 873; *Haines & Spencer v. Kelley*, 57 Wash. 219, 106 Pac. 776; *Spoar v. Spokane Turn-Verein*, 64 Wash. 208, 116 Pac. 627; *International Development Co. v. Sanger*, 75 Wash. 546, 135 Pac. 28.   These, and several earlier decisions, show the repeated holdings of this court to the effect that affidavits used in support of or against motions involving questions of fact cannot be considered unless brought here by bill of exceptions or statement of facts.   Since this question, however, has not been raised by counsel for respondents, we may say that we have read the affidavits appearing in the clerk's transcript as being filed in the trial court, and that we do not regard the facts as shown thereby such as to warrant reversal of the trial court upon this question, even though we should treat such affidavits as all of the facts presented to the trial court upon this question.

Some contention is made against the action of the trial court in refusing to give certain instructions requested by counsel for appellant.   We think the contention wholly without merit.   The instructions requested were, in substance, embodied in the court's instructions which were given, at least in so far as appellant was entitled to have such requested instructions given.

We cannot say, as a matter of law, that the verdict was excessive, as is contended by counsel for appellant.   We deem it of no profit to review the evidence in detail here touching this question.

The judgment is affirmed.

CROW C. J., FULLERTON, MORRIS, and MOUNT, JJ., concur.