[No. 19444. Department Two. January 29, 1926.]

SAM TOLLEFSON, *doing business as Everett Sheet Metal Works, Appellant,* v. C. J. SOLIE, *Respondent.*[1]

[1] TRIAL (32)—REOPENING CASE—AFTER CLOSE OF EVIDENCE. It is within the discretion of the trial court to reopen a case for further proof after both sides have closed, and abuse of discretion cannot be claimed where both sides availed themselves of the privilege to introduce evidence.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered March 28, 1925, upon findings in favor of defendant, in an action on account. Affirmed.

*Lecocq & Swanson,* for appellant.

*O. T. Webb* and *Clarence J. Coleman,* for respondent.

MITCHELL, J.—The defendant Solie had two contracts, one for the building of a church at Monroe, the other for the building of a church at Edmonds. He employed the plaintiff to perform a part of the work on each building. Upon completing the work the plaintiff was employed to perform, a controversy arose between him and the defendant over their accounts. Plaintiff brought suit, setting up two causes of action, one on each of the jobs. The trial without a jury resulted in findings, conclusions and judgment for the defendant, from which the plaintiff has appealed.

The first cause of action involves nothing but questions of fact. There was a positive conflict in the evidence, as to which, upon an examination and consideration of it, we are satisfied it preponderates in favor of the defendant, and that the conclusion and judgment of the trial court thereon were correct.

[1]Reported in 242 Pac. 1103.

Concerning the other cause of action, the court orally expressed the opinion at the close of the evidence that the plaintiff was entitled to prevail. In the course of the court's giving the reasons for the holding, counsel for the defendant announced surprise, and that they had misunderstood the effect and purpose of the court's ruling upon certain testimony that had been offered with reference to where the burden of proof rested, and, upon stating that they were prepared to prove the defendant had paid all that was due to the plaintiff, asked that the case be reopened for the introduction of that proof. The application to reopen the case was at that time denied. Thereafter, and before findings of fact were made, the defendant filed a motion for a new trial supported by affidavit. Upon hearing the motion for a new trial, the court stated that he was of the opinion he had erroneously denied the motion to reopen the case for further proof. He then ordered the case reopened, and fixed a date at which both parties would be allowed to introduce proof. At the time thus appointed, the parties appeared and introduced proof, upon which the court decided in favor of the defendant and made findings of fact accordingly.

[1] It is contended by the appellant that the reopening of the case for further proof was error. The reopening of a case for further evidence, after both parties have closed, is within the discretion of the trial court, and certainly there can be no just claim of abuse of discretion here, since both parties availed themselves of the privilege and introduced all the evidence they desired. *Bergman v. London & Lancashire Fire Ins. Co.*, 34 Wash. 398, 75 Pac. 989; *Norton v. Pacific Power & Light Co.*, 79 Wash. 625, 140 Pac. 905; 8 C. J., Appeal and Error, 820; 20 R. C. L., Trial, 1042.

Upon the facts relating to this second cause of

action, there was a direct conflict in the evidence. A consideration of it satisfies us that it preponderates in favor of the defendant.

Affirmed as to both causes of action.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.