[No. 26430. Department Two. June 14, 1937.]

JAMES COX *et al., Appellants,* v. UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA *et al., Respondents.*[1]

[1]Reported in 69 P. (2d) 148.

*George F. Vanderveer* and *W. H. Sibbald,* for appellants.

*Edgar P. Reid,* for respondents.

BEALS, J.—Plaintiff Lumber and Sawmill Workers of Kelso-Longview No. 2504 is a labor union local, being a voluntary association unincorporated, which was chartered by defendant United Brotherhood of Carpenters and Joiners of America, also a voluntary association, having its headquarters at Indianapolis, Indiana. Plaintiff James Cox and L. G. Whiton are members of Local 2504, the latter being its president, and plaintiffs Peck, Davis and Philbrook are members and trustees of the local. Defendants Sawmill and Timber Workers Locals Nos. 2640, 2641 and 2642 are similar labor unions. Defendant P. W. Dowler is a general representative of defendant Brotherhood, representing it in Cowlitz county, Washington. Defendant A. W. Muir is a member of the executive board of the Brotherhood, representing on that board a group of states, including the state of Washington, and defendants Harry Burns, Otto F. Abney and Frank McFadden are presidents, respectively, of defendant local unions. In this opinion, the local unions will be referred to by their numbers, and defendant United Brotherhood of Carpenters and Joiners of America, the national organization, will be referred to as the Brotherhood.

In their amended complaint, plaintiffs alleged the organization of the Brotherhood as a national organization, and that it is governed by a constitution and body of laws, a copy of which is attached to the amended complaint and admitted by defendants; that plaintiff Local 2504 was organized as a local labor

union pursuant to a charter issued by the Brotherhood; that this local owned property consisting of office furniture and fixtures, and the sum of $1,934.88 in cash; that the individual plaintiffs are members and officers of plaintiff Local 2504, and entitled to the custody of its property and money. Plaintiffs further alleged that defendant local unions were organized in Cowlitz county, and that defendants Abney, Burns and McFadden were, respectively, presidents thereof; that on or about June 15, 1935, the defendant Brotherhood wrongfully, arbitrarily and without notice revoked the charter of plaintiff Local 2504, without a hearing, and without preferring any charges against the local or against any of its officers, and thereafter wrongfully issued charters to the defendant locals, and threatens to seize and turn over to defendant locals all the money and property of plaintiff Local 2504. Plaintiffs prayed for a judgment declaring the charter issued to plaintiff Local 2504 to be a valid and subsisting charter, and that the charters issued to defendant locals be declared null and void. Plaintiffs also asked for general relief.

Defendants appeared generally, admitting that plaintiff Local 2504 was organized as a local under the Brotherhood, but denying that plaintiff local has existed after June 15, 1935, and that the individual plaintiffs or officers or trustees of plaintiff local are entitled to possession of any property formerly belonging to the local. Defendants admitted the organization of the three locals, and also expressly admitted that

" . . . on the 15th day of June, 1935, the defendant, United Brotherhood of Carpenters and Joiners of America, revoked the charter theretofore existing, being designated Lumber and Sawmill Workers of Kelso-Longview 2504; and admit that the United

Brotherhood of Carpenters and Joiners of America have and are endeavoring in a lawful and peaceful way to cause the property and money mentioned in the plaintiffs' amended complaint to be distributed to the said three new locals formed to supplant former local 2504 in just proportions according to the constitution and general laws of the United Brotherhood of Carpenters and Joiners of America as set forth in the exhibit in plaintiffs' amended complaint."

Upon the issues so made up, the action was tried to the court, sitting without a jury, and resulted in a judgment dismissing the action, from which plaintiffs have appealed.

Error is assigned, first, upon the refusal of the trial court to enter a decree adjudging that appellant Local 2504 is a valid and existing local union; second, upon the refusal of the trial court to vacate the charters of the three defendant locals; and third, upon the refusal of the trial court to reopen the case for the taking of further testimony pursuant to an offer of proof made by appellants.

In their answer, respondents pleaded no affirmative defense, and it stands admitted that respondent Brotherhood revoked the charter of appellant local without the filing of any charges, and without a trial or a hearing of any sort or description.

Appellants contend that the attempted revocation of the charter of appellant local by respondent Brotherhood was absolutely void; that, under the organic law of the Brotherhood, no authority to revoke the charter of the local existed, action on the part of the Brotherhood being limited to suspension. Appellants also argue that, in any event, no person save the general president was vested with any such authority, and that he could exercise the power only after preferring written charges against the local or its officers, and after some proceeding analogous to a trial,

at which the local could appear and present its defense. It is admitted that no charges whatever were filed against appellant local, and that no hearing was ever had. Appellants alleged that respondent Brotherhood revoked the charter of appellant local "without notice, without a hearing, and without preferring any charges against said local or any of its officers," and that such action was wrongful, arbitrary and without lawful ground. Respondents, as above stated, admit the revocation of the charter, but do not admit that the revocation was wrongful or illegal. On the trial, respondents' counsel argued that, if the constitution of the Brotherhood permitted revocation by anyone, the charter of appellant local was revoked, but fails to call our attention to any provision in the Brotherhood's constitution which provides for any such action as was taken in the instant case.

It appears that respondent A. W. Muir, who is above referred to, was, at the time of the purported revocation of the charter, within the state of Washington, and taking a prominent part in union affairs and in certain negotiations between the members of the union, on one hand, and certain of their employers, on the other. Some of Mr. Muir's actions were approved by a portion of the members of the local, and strongly disapproved by others. During Mr. Muir's presence in the territory, a strike was called, and the situation was one involving considerable tension and excitement. The trial court made no findings, but filed a memorandum opinion, which is part of the statement of facts. It appears that Mr. Muir himself undertook to revoke the charter of appellant local. In its memorandum opinion, the court said:

"It was clear that Muir, although a member of the executive board, was without authority to suspend or revoke the charter of Local No. 2504, in the way that he attempted."

The court, nevertheless, was of the opinion that respondent Brotherhood, by issuing charters to the three respondent locals, and by other acts on the part of its officers, recognized the suspension as valid.

■ The constitution of respondent Brotherhood and rules adopted pursuant thereto form a contract between the association, on the one hand, and its members, on the other. It is not contended that appellant local was not organized under the laws of the state of Washington, and that its members, as such an association, could not own property. Appellant local did own property, including over nineteen hundred dollars in cash, and enjoyed constitutional and statutory rights, which the law recognizes as valuable and entitled to protection. The membership rights of the members of the union are also valuable and recognized by law. The existence of appellant local was proven, as was its association with respondent Brotherhood. It was admitted that respondents assert that the charter of appellant local was revoked, but respondents neither alleged nor proved that such attempted revocation followed any proceedings taken in accordance with the Brotherhood's constitution, by-laws or rules.

Testimony introduced by respondents was largely to the effect that there was considerable dispute between different groups of union men as to the wisdom of the policy pursued by respondent Brotherhood and its officer, Mr. Muir. An attempt was made to turn over the funds which had been collected by appellant local to respondent Brotherhood, which claimed them as trustee for respondent locals. It does not appear that anyone made any attempt to appropriate these funds or exercise bad faith in allocating them. It is a question of absolute legal right. If the charter of appellant local was lawfully revoked, its property, including its cash, should have been turned over to re-

spondent Brotherhood. If, on the other hand, no lawful revocation of the charter had been effected, the property and money should remain with the local.

Respondents make much of the fact that many of the members who formerly belonged to appellant local joined one or other of respondent locals, but this cannot change the legal aspect of the situation, as, after respondent Brotherhood attempted to revoke its charter, appellant local naturally functioned under a serious handicap.

Respondents argue that appellant local should have attempted to assert some remedy within the Brotherhood, but the principle invoked by respondents is not applicable here, as apparently the officers and agents of respondent Brotherhood were proceeding entirely without warrant of their own law, and on the trial of the action, neither pleaded nor attempted to prove that their actions were justified by the constitution of the Brotherhood. Under the circumstances disclosed by the record before us, appellants had the right to invoke the jurisdiction of the courts without attempting to proceed within their organization. 19 R. C. L. 1225 (§ 38), 1230 (§ 41); *Local Lodge No. 104 v. I. B. B. M.*, 158 Wash. 480, 291 Pac. 328; *Greenwood v. Building Trades Council*, 71 Cal. App. 159, 233 Pac. 823; *Ray v. Brotherhood of Railroad Trainmen*, 182 Wash. 39, 44 P. (2d) 787; *Reichert v. United Brotherhood of Carpenters*, 14 N. J. Misc. 106, 183 Atl. 728.

The evidence shows that great differences of opinion existed between different groups of the union men and between their local officers as to the best policies to be pursued in connection with the different problems in which they were interested during the year 1935. Assuming that all parties were in good faith trying to do the best they could to further the interests of the members of the union, we fail to find

in the evidence any legal support for the action of respondent Brotherhood, its officers and agents, in declaring the charter of appellant local revoked. It must be held that this charter never was in fact revoked, and that appellant local still exists as a local union, entitled to possession of its property. The fact that it paid no dues to respondent Brotherhood is immaterial, as the Brotherhood refused to recognize the local's existence.

It cannot be held that the trial court committed reversible error in refusing to reopen the case. That is a matter which rested largely in the discretion of the trial court, and no abuse thereof appears.

As to the three respondent unions, these locals were chartered by respondent Brotherhood, and the evidence introduced in the case at bar does not support a decree directing that these locals be dissolved. The record, however, does require a holding that the charter of appellant local was never lawfully revoked.

The judgment appealed from is reversed, with instructions to proceed in accordance with the views herein expressed.

STEINERT, C. J., TOLMAN, and ROBINSON, JJ., concur.

HOLCOMB, J. (dissenting)—In my view, the trial judge determined the facts correctly and also decided the law as to the unions without error.

The judgment should be affirmed.