[No. 31933.   Department Two.   May 8, 1952.]

HYAK LUMBER & MILLWORK, INC., *Appellant*, v. E. L. CISSELL *et al.*, *Respondents*.[1]

*Ronald W. Sholund,* for appellant.

*O'Leary, Meyer & O'Leary,* for respondents.

FINLEY, J.—This action was brought by the plaintiff, Hyak Lumber & Millwork, Inc., to foreclose a materialman's lien against certain real property of defendants, Mr. and Mrs. E. L. Cissell. It was alleged that plaintiff commenced

[1] Reported in 244 P. (2d) 253.

to furnish the materials on May 27, 1948, ceasing on January 13, 1949, and that such materials were used in the construction of a house by the defendants. A claim of lien was filed on April 11, 1949, eighty-eight days after the last alleged delivery of materials.

At the trial of the case, plaintiff called as a witness its retail manager, Mr. Tanner, who did no more than establish that the alleged sales had been made to or on behalf of E. L. Cissell. After Tanner's testimony, plaintiff closed its case. Defendants then moved to dismiss, contending that the evidence was insufficient to establish the claimed lien. Upon indication by the trial judge that the motion was well taken, the plaintiff moved to reopen for further evidence. The motion was granted, and plaintiff then called defendant E. L. Cissell as an adverse witness. After his examination, the case was again closed. The motion to dismiss was renewed, and granted. It should be noted that the motion to dismiss went only to the foreclosure of the lien. Defendants specifically stated that there was no objection to judgment being entered against them for the amount of the claim.

The entire trial, as outlined above, took place on June 7, 1951. Two days later, a second motion to reopen for additional evidence was made by plaintiff. This motion was supported by affidavits of plaintiff's attorney and R. E. Munson, a carpenter who had been employed by Cissell. In the first mentioned affidavit, plaintiff's attorney alleges that he had been "lulled into a false sense of security by the verbal statements" of defendants' attorney, and, consequently, that the "vigorous defense" presented by defendants at the trial was a "surprise" to him. In the other affidavit, R. E. Munson states that he signed the sales slip, dated January 12, 1949, which had been admitted into evidence, and that he, as a carpenter employed by Cissell, used the material (which was listed on the sales slip) in whole or in part on the Cissell home; that all of the material from Hyak Lumber & Millwork, Inc., for which he signed and which was charged to Cissell, was used in the Cissell home; that he worked on the home most of the month of January, 1949; that he had

never worked for Cissell at any place other than his residence. After argument, this motion to reopen was denied.

Subsequently, plaintiff was awarded a money judgment but was denied the foreclosure of the materialman's lien. Plaintiff appealed. Error is assigned to the denying of (1) the foreclosure, and (2) the second motion to reopen.

■ Proof was lacking that the material sold to Mr. and Mrs. Cissell was used in the construction of the residential property in question, or that it was delivered to and left upon the particular building site. It is significant that RCW 60.04.060, in part, provides:

"No lien created by this chapter shall exist, and no action to enforce the same shall be maintained, *unless within ninety days from the date of the cessation* . . . of the furnishing of such materials, a claim for such lien shall be filed for record as hereinafter provided, . . ." (Italics ours);

and that proof was lacking to the effect that the last material sold or furnished to Mr. and Mrs. Cissell was delivered to the particular residential property building site within ninety days prior to April 11, 1949, the date when the claim of lien was filed.

■ In order to establish a materialman's lien, the materialman must prove that the materials claimed to have been furnished by him either (1) actually went into the building for which they were furnished, or (2) were actually delivered upon the site for use in such building. Evidence which merely raises a possibility to the foregoing effect is insufficient. Who, or what agency, performed the physical act of delivery is immaterial. *Standard Lbr. Co. v. Fields*, 29 Wn. (2d) 327, 187 P. (2d) 283, 175 A. L. R. 309.

■ As to the motion to reopen, we said in *Zackovich v. Jasmont*, 32 Wn. (2d) 73, 81, 200 P. (2d) 742:

"A motion to reopen a case is addressed to the sound discretion of the trial court, and the manner of exercising that discretion will not be disturbed by this court except for manifest abuse. *Tollefson v. Solie*, 137 Wash. 468, 242 Pac. 1103; *First Bank of Cordova v. Tjosevig*, 138 Wash. 231, 244 Pac. 736; *Dorian v. Boone*, 152 Wash. 681, 279 Pac. 107; *In re Hamilton's Estate*, 182 Wash. 81, 45 P. (2d) 36; *Neimeier*

*v. Rosenbaum,* 189 Wash. 1, 63 P. (2d) 424; *Cox v. United Brotherhood of Carpenters & Joiners of America,* 190 Wash. 511, 69 P. (2d) 148; *Beadle v. Barta,* 13 Wn. (2d) 67, 123 P. (2d) 761."

■ At no time during the course of the trial did counsel for plaintiff indicate to the court that he was surprised by the defense of defendants; nor did he indicate that there had been an understanding concerning the facts to be proved in the case. Apparently, the identity of Mr. Munson was known to plaintiff at the time of the trial. His name appeared on several of the sales slips which were introduced into evidence. After the granting of the first motion to reopen, Mr. Cissell was examined at length as to when and where Mr. Munson had worked for him. Further, there is no showing that Mr. Munson was unavailable when the first motion to reopen was granted. We can see no reason why he could not have been called to testify when the case was once reopened, or even before the case was closed the first time.

No overtones of justice or morality inhere in the special materialman's lien remedy provided by the legislature to assist businessmen, or others, in collecting the purchase price of materials sold by them, or rather furnished by them, to builders. The remedy can be characterized as somewhat artificial or mechanical. It has certain very technical requirements. If there is precise compliance with these, and adequate proof thereof, the lien attaches and can be foreclosed. It then becomes an effective enforcement weapon for collection purposes; otherwise, the lien is lost and the creditor must resort to ordinary means to collect his debt or to enforce any judgment obtained by him.

Although the trial court might properly have reopened the case for a second time to permit introduction of additional evidence by the plaintiff, it is our opinion that, under the circumstances here involved, the court did not abuse its discretion by refusing to so do.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and OLSON, JJ., concur.