[No. 892-2.    Division Two.    December 27, 1973.]

CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., *Appellant*, v. NORTHWEST HOMES OF CHEHALIS, INC., *et al.*, *Respondents*.

*Carl P. Gilmore* (of *Whitmore, Powers & Ishikawa*), for appellant.

*Arnold B. Robbins* (of *Breskin, Rosenblume & Robbins*) and *Owen A. Johnson*, for respondents.

RYAN, J.*—This is an appeal from an order denying plaintiff's motions for summary judgment and from a judgment of dismissal entered in favor of the defendants, Fidelity and Deposit Company and United Pacific Insurance Company. The order appealed from further dismissed the claims of the above named sureties against George Osborne and wife, third-party defendants, who had signed indemnity agreements with the surety companies.

The appellant, Consolidated Electrical Distributors, Inc., operates a wholesale electrical merchandise and equipment

---

*Judge Frank Ryan is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

business. Commonwealth Electric was a licensed electrical contractor in this state and as such, was required by statute to be bonded. RCW 19.28.120. United Pacific provided a bond as surety in the amount of $3,000, dated July 24, 1967, and effective July 1, 1967, which was cancelled effective January 18, 1971. Fidelity and Deposit then issued a similar bond which was in effect between January 18, 1971, and August 30, 1971.

The appellant originated this action in October 1971, claiming Commonwealth was indebted to it in the total sum of $6,670.11 for goods, wares and merchandise used and installed during the periods the bonds were in effect.

Respondent United Pacific asserts two principal grounds upon which it claims the order and judgment appealed from should be sustained. These are, first, that the bonds in question are for the protection of the ultimate consumer or installee only and not for the wholesaler of materials, who, consequently is not authorized to maintain suit directly against the surety on the bond, and, second, that it must be proved the materials sold were used on a particular job. This respondent also claims that the statutory provisions in force when the supplies were alleged to have been sold and used cannot affect it because the bond predated the applicable statute as amended in 1969.

Respondent Fidelity and Deposit takes a different position than United Pacific, agreeing that a materialman may bring suit directly against the surety on the bond but insisting that it must be proved that particular materials were furnished to particular construction jobs. This respondent then concedes that the claims should not have been dismissed with prejudice but that the case should be remanded to the trial court for further proof of the facts.

The statutory provisions with which we are concerned are to be found in RCW 19.28.120 and RCW 19.28.180.

RCW 19.28.120 provides:

Said bond shall be conditioned that in any installation of wires or equipment to convey electrical current, and apparatus to be operated by such current, the principal

therein will comply with the provisions of this chapter and in case such installation is in an incorporated city or town having an ordinance, building code, or regulations prescribing equal, a higher or better standard, manner or method of such installation that the principal will comply with the provisions of such ordinance, building code or regulations governing such installations as may be in effect at the time of entering into a contract for such installation. Said bond shall be conditioned further that the principal will pay for all labor, including employee benefits, and material furnished or used upon such work, taxes and contributions to the state of Washington, and all damages that may be sustained by any person, firm or corporation due to a failure of the principal to make such installation in accordance with the provisions of this chapter, or any ordinance, building code or regulation applicable thereto.

RCW 19.28.180 provides, in part, as follows:

Any person, firm, or corporation sustaining any damage or injury by reason of the breach of the conditions of said bond by the principal therein may bring an action against the surety named therein, with or without joining in said action the principal named in said bond; said action may be brought in the superior court of any county in which the principal on said bond resides or transacts business, or in the county in which the work was performed as a result of which the breach is alleged to have occurred; said action shall be maintained and prosecuted as other civil actions. No action on said bond, or failure to bring action thereon shall waive the right of any person, firm or corporation to sue the principal named in said bond for any damage or injury sustained by reason of the failure of the principal in said bond to comply with the provisions of this chapter: Claims or actions against the surety on such bonds shall be paid in full in the following order of priority: (1) labor, including employee benefits, (2) materials and equipment used upon such work, (3) taxes and contributions due to the state, (4) damages sustained by any person, firm or corporation due to the failure of the principal to make the installation in accordance with the provisions of chapter 19.28 RCW, or any ordinance, building code, or regulation applicable thereto: *Provided,* That the total liability

of the surety on any such bond shall not exceed the sum of three thousand dollars; . . .

The bonds in the present case each provided that they were applicable from the respective dates of commencement stated and for all subsequent periods for which a license is issued to the principal and are to be construed as continuing obligations until cancelled. The bonds specifically refer to the statute first enacted in 1935, or any amendments thereof, and to the statutory provisions requiring a bond, naming the beneficiaries, including payment of "material furnished or used upon such work."

The defendant, United Pacific, agrees that RCW 19.28.120 is an applicable statute but contends that RCW 19.28.180 as amended in 1969 does not apply since it was enacted after the bond was issued. An examination of the law as it existed in 1965 and as amended in 1969 reveals that the bond requirements, the right to bring suit against the surety and the persons benefited by the bond are the same. The only substantial changes are in the amount of the bond and in an added listing of priorities of claimants.

It is apparent to us that the applicable statutes are so clear and free from ambiguity or doubt that we can only hold that a materialman has the right to sue the surety directly for payments owing for materials and equipment furnished the principal and installed by him. To bolster this conclusion, we need only to examine the bond itself. It is a general bond, not limited to any specific job. It recites that it is subject to the original statute as contained in chapter 169, Laws of 1935, or any amendments thereof and is a continuing obligation until cancelled. The sureties contracted to protect the principal as long as the bond remained in effect. Without it, the principal would suffer the loss of his license and the right to carry on his business. The sureties accepted the required fees for the bond and cannot now be heard to say they are not liable directly on the bond.

Another question which is more troublesome is

whether or not it must be proved that the materials were used on *particular* construction jobs. We hold that this is not necessary and that all the statutes cited require is that it be proved the materials were used on any installation of wires or equipment to convey electric current, and apparatus to be operated by such current.

RCW 19.28.120 specifically states "any installation" and further employs the words "material furnished or used upon such work,"—these are very general terms and no language can be found in the statute which would require proof of specific materials being used on specific jobs but only that the materials were furnished *for any* installation. The defendant Fidelity and Deposit cites *Hyak Lumber & Millwork, Inc. v. Cissell*, 40 Wn.2d 484, 244 P.2d 253 (1952), in support of its contention to the contrary. This case is distinguishable, however, since it involved the foreclosure of a materialman's lien which is provided for by other statutes not involved here. RCW 60.04.010, *et seq.*

Rather than assisting the respondents, an examination of *Hyak*, and the lien statutes therein referred to convincingly supports the conclusion we have reached. The lien statutes are exceedingly detailed and specific in every particular, requiring among other things, that the materialman must prove that the materials went into the building for which they were furnished or were actually delivered upon the site for use in such building.

The statutes with which we are here concerned do not so provide. In summary, they pointedly give a materialman the right to bring an action against the surety without joining the principal for materials used in "such work" which can only refer to "any" installation of the materials.

If the legislature had intended that it must be proved that specific materials were used on a specific job, it could have so provided as was done in the lien statutes.

The final issue presented is whether summary judgment should be granted plaintiff or the case remanded for further testimony relating to proof of materials furnished and used.

A careful examination of the record convinces us that plaintiff is entitled to summary judgment. The only affidavit directly in point is that of plaintiff's credit manager who recited that he was competent to testify and had personal knowledge of the material facts stated.

This affiant deposed that the materials in question were delivered to Commonwealth by the plaintiff and were used in electrical work done by Commonwealth within 1 year of commencement of this action.

█ The defendants failed to offer any controverting affidavits in denial of plaintiff's affidavit. They did file affidavits directed to their theories of the case but not in answer to the affidavit submitted by plaintiff touching on the key issues of fact here involved. Summary judgment will be granted in conformity with CR 56. The affidavit submitted by the plaintiff was based on personal knowledge, which was questioned only in argument. It set forth facts which would be admissible in evidence and showed affirmatively that the affiant was competent to testify. Since this affidavit was not properly controverted, it must be accepted as stating the established facts of the case. *Henry v. St. Regis Paper Co.*, 55 Wn.2d 148, 346 P.2d 692 (1959); *Stringfellow v. Stringfellow*, 53 Wn.2d 639, 335 P.2d 825 (1959).

As a result of the conclusion we have reached, it follows that the claims of the third-party plaintiffs, United Pacific and Fidelity Deposit against the Osbornes are reinstated.

Reversed and remanded for proceedings consistent with the views expressed herein.

Plaintiff will recover costs.

PEARSON, C.J., and PETRIE, J., concur.