[No. 9393.  Department Two.  March 11, 1912.]

P. H. HILLMAN, *Plaintiff*, v. CHARLES W. DONALDSON *et al.*,
*Respondents*, LEWIS LEVY *et al.*, *Appellants*.[1]

APPEAL—REVIEW—FINDINGS.  Findings upon conflicting evidence,
will not be disturbed on appeal if sustained by sufficient evidence,
where the trial judge heard and saw the witnesses.

MECHANICS' LIENS—NOTICE—EXCESSIVE CLAIM—WAIVER.  An in-
advertent and excusable mistake making an erroneous charge in a
mechanics' lien notice will not defeat the lien, where at the com-
mencement of the trial it was conceded and all excess waived.

CONTRACTS—BUILDING CONTRACTS—PERFORMANCE OR BREACH—CER-
TIFICATE OF ARCHITECT.  An architect's certificate as to damages by
reason of demurrage and extras is not conclusive where there was
sufficient evidence to show that it was arbitrary and unreasonable.

Appeal from a judgment of the superior court for King
county, Frater, J., entered October 11, 1910, upon findings
favorable to part of the defendants, in an action to fore-
close mechanics' liens, after a trial to the court.  Affirmed.

*Fouts & Gould (Richard Winsor*, of counsel), for appel-
lants.

*John P. Hartman*, for respondents Donaldson *et al.*

*Elias A. Wright*, for respondent Duggan.

CROW, J.—On January 14, 1909, the defendants Lewis
Levy and Rachel Levy, his wife, entered into a written con-
tract with their codefendants, C. W. Donaldson and D. J.
Noonan, for the erection of a three-story apartment building,
in the city of Seattle, upon lots belonging to Levy and wife,
for the contract price of $25,600.  On September 19, 1909,
the plaintiff, P. H. Hillman, commenced this action against
the defendants C. W. Donaldson, Lewis Levy, Rachel Levy,
his wife, and others, to foreclose a labor lien on the prem-
ises.  On October 9, 1909, James Duggan filed his com-

[1]Reported in 121 Pac. 866.

plaint in intervention to foreclose his lien for $961.38, for labor performed and materials furnished.    Thereafter, upon motion of Levy and wife, the Empire State Surety Company, a corporation, was made a party defendant and served with process for the reason that it had executed a bond to Levy and wife in the sum of $10,000, to secure the faithful performance of the contract by Donaldson and Noonan.    Other parties to the action need not be mentioned on this appeal.

The pleadings are voluminous.    Levy and wife alleged, that Donaldson and Noonan had not performed their contract in accordance with the plans and specifications; that, after giving proper notice to the contractors and the surety company, they had completed the building; that their damages had been certified by the architect as in the contract provided; that they had been damaged in the sum of $4,-852.12, for expenses incurred in completing the building, in the sum of $3,800 for demurrage arising from delay, in the sum of $675 for demurrage paid to the architect, in the sum of $6,719 for faulty construction, and in the sum of $2,602.50 for liens filed by laborers and subcontractors, for all of which they demanded judgment, together with $500 attorney's fees alleged to have been expended in defending foreclosure actions on the liens.

In an oral opinion, the trial judge announced his findings and conclusions to the effect, that none of the lien claimants, other than the intervener Duggan, was entitled to a foreclosure decree; that Duggan was entitled to judgment for $653.38, $75 attorney's fees, his costs, and a decree of foreclosure; that the defendants Levy and wife had paid the contractors $27,121.94, and were entitled to demurrage and damages in the sum of $2,574.83, making a total credit to them of $29,696.77; that the defendant Donaldson, as successor of Donaldson & Noonan, had received $26,930; that he was further entitled to $1,838 for extras, being a total credit to him of $28,768, leaving a balance of $928.77 in favor of the defendants Levy and wife, which they were en-

titled to recover from the contractors and surety company; and that they would also be entitled to recover from Donaldson and Noonan and the surety company the sums found due the intervener Duggan, should they be compelled to pay the same. A final decree was entered in accordance with these findings, from which the defendants Levy and wife have appealed.

The appellants are dissatisfied with the judgment, insisting the award is insufficient, and further insisting that the intervener and respondent Duggan is not entitled to a foreclosure of his lien. As to Duggan, it is contended that his asserted lien is invalid; that his notice was not filed within the statutory time; that, as to certain materials which appellants claim he delivered after June 9, 1909, he failed to mail or deliver to appellants a duplicate statement, as required by chapter 45, Laws 1909, page 71 (Rem. & Bal. Code, § 1133), and that in his lien notice he fraudulently claimed nine dollars per yard for concrete work, knowing his contract called for seven dollars per yard. These contentions involve disputed questions of fact upon which the evidence is conflicting. It is, however, sufficient to sustain findings, that the lien notice was filed in time; that all material for which any lien has been allowed was delivered upon the premises prior to June 9, 1909; that the erroneous charge for concrete work was not a fraudulent or intentional act of the respondent Duggan; that it was an inadvertent and excusable mistake; that respondent was dangerously ill and not expected to live when he verified the notice; and that he could not at that time correctly advise his counsel as to the exact facts. At the commencement of the trial, the respondent Duggan voluntarily conceded his mistake, called the court's attention thereto, and waived all claims in excess of seven dollars per yard. The findings, conclusions and decrees of the trial court sustaining and foreclosing the Duggan lien are affirmed.

Appellants further contend that they have not been awarded all damages they have sustained by reason of the failure of Donaldson and Noonan to complete the building in accordance with their contract, and in compliance with the plans and specifications prepared by the architect. This contention involves questions of fact. We have carefully examined the entire record, which is voluminous, containing about 900 pages of typewritten evidence and numerous exhibits. To discuss this evidence in an opinion of reasonable length is impossible. It is in hopeless conflict. Appellants rely on the terms of their contract and the certificate prepared by their architect, stating the damages they have sustained, and upon a claim for demurrage of $20 per day for delay in completing the building, and further claims for damages resulting from improper and defective work. On the other hand, the respondents Donaldson and Noonan contend that the building was actually completed by them (subject only to changes ordered by appellants and their architect) in strict accordance with the plans and specifications; that the defects, if any, in the construction of the building were caused by improper specifications; that the certificate of the architect was arbitrary and worthless; that they did a large amount of extra work upon the order of appellants and their architect; that the architect arbitrarily and without reason refused to give them certificates for the work done, and that a balance of $3,266.24 was due them for which in their cross-complaint they demanded judgment. The trial judge heard the evidence, made his computations, saw the witnesses, heard them testify, passed upon their credibility and upon the conflicting evidence thus presented, announced his findings and entered the decree from which this appeal has been taken. After a most diligent and careful examination of the entire record, we are not convinced that his findings, conclusions, or decree should be disturbed.

Some exceptions are taken to rulings on the admissibility of

evidence offered by appellants, but we find no error in that regard.   The judgment is affirmed.

Dunbar, C. J., Chadwick, Morris, and Ellis, JJ., concur.