[No. 20220. Department Two. April 7, 1927.]

M. P. ZINDORF, *Respondent,* v. A. ROE, *Appellant.*[1]

[1] MECHANICS' LIENS (63)—NOTICE—EXCESSIVE CLAIM—WAIVER. Where, on the trial of an action to foreclose the contractor's lien upon land under a contract for improvement which was only partly performed, plaintiff abandons any claim for a lien in excess of the work actually done, before complaint is made as to the excessiveness of the lien claim, and the trial thereupon proceeded, the claim should be deemed amended, as permitted by Rem. Comp. Stat., § 1134, rather than to deny any recovery on the ground of plaintiff's bad faith in filing an excessive claim.

Appeal from a judgment of the superior court for Snohomish county, Hon. J. Y. Kennedy, judge pro tempore, upon findings in favor of the plaintiff, in an action to foreclose a mechanic's lien, tried to the court. Affirmed.

*Warren H. Lewis,* for appellant.

*McClure & McClure* and *Walter S. Osborn,* for respondent.

PARKER, J.—The plaintiff, Zindorf, commenced this action in the superior court for Snohomish county seeking foreclosure of his claim of lien against land of the defendant Roe in that county, notice of which claim was duly filed in the office of the county auditor. Zindorf's claim is for diking repair and construction work performed with his steam shovel ditcher upon Roe's land. The amount originally claimed in Zindorf's notice of lien was $2,765, and the original prayer for recovery in this action was also in that amount. Roe cross-complained, seeking damages in the amount of $1,000 against Zindorf upon the ground that the work per-

[1]Reported in 255 Pac. 107.

formed by Zindorf was worthless and also that it was performed in such manner as to damage his land in that amount. The whole controversy being treated as of equitable cognizance, the trial proceeded upon the merits before the court sitting without a jury and resulted in findings and decree of foreclosure awarding to Zindorf recovery in the sum of $424.50, and attorney's fees and costs, and denial to Roe of any recovery upon his claim for damages. From this disposition of the case in the superior court, Roe has appealed to this court.

In January, 1923, Zindorf as contractor and Roe as owner entered into a contract by which Zindorf was to do diking repair and construction work upon Roe's land. The only provisions of the contract which seem necessary to be here noticed are the following:

"(1) That the said contractor will, with his said ditcher, excavate along the south and east sides of said dike as directed by the owner, a certain ditch approximately nine feet wide and three feet deep and will place the dirt from such ditch upon and over the present dike as directed by the owner while the work progresses.

"(2) The contractor in doing said work will furnish his said machine and appliances and the services of sufficient help to operate the shovel and the donkey engine, including dragging and lifting lines for the skids and will also furnish his own fuel.

"(3) The owner will set stakes for margins of ditch and dead men for pulling lines of ditcher and will furnish sufficient help to place skids for ditcher as rapidly as needed. . . .

"(4) The work herein provided for shall begin at the end of the dike near the northeast corner of the owner's said land and continue to the southwest corner thereof. . . .

"(8) For the said work, the owner shall pay and the contractor shall receive, the sum of thirty cents per cubic yard for all dirt moved. . . .

"(10) . . . The amount of dirt to be moved under this agreement shall average at least one cubic yard per lineal foot exclusive of the portion of new dike to be constructed as hereinbefore provided."

Zindorf proceeded with the work soon thereafter and completed, according to contract, as he claims, 1415 lineal feet of the work, this being approximately one-third of the lineal feet of the work he was to do under the contract. Zindorf claims that he then ceased work because of Roe's failure to furnish any further help to aid in placing skids for the ditcher to move over as it progressed in doing the work, as provided in paragraph 3 of the contract above quoted; that such needed help called for the labor of men in removing the skids from the rear and placing them in the front of the ditcher as it advanced in the course of the work, other than the power necessary for such removal which was supplied by the engine and a cable; that the help so agreed to be furnished by Roe was in the attaching of the cable to the skids in the rear, the detaching of the cable therefrom when moved to the front, and digging for the placing, and the proper placing, of them in front; that Roe from the beginning failed to furnish sufficient help for this purpose, and finally refused to further furnish any help therefor just before the abandoning of the work by Zindorf. Roe claims that he furnished all the help required of him by paragraph 3 of the contract; that Zindorf abandoned the work, not because of any fault on his (Roe's) failure to furnish such help, but because of his (Zindorf's) own election and own fault; and that the work, so far as it progressed, was so defectively done that the land was damaged rather than benefited, to the extent of $1,000. The trial court found, in effect, in favor of Zindorf and against Roe on all of these contentions; finding that Zindorf

had completed 1415 lineal feet of the work according
to the contract; that in doing so he removed that many
yards of dirt; that he ceased work, not because of his,
but because of Roe's, fault in his failure to furnish the
necessary help as agreed in paragraph 3 of the con-
tract; that Roe, and not Zindorf, breached the contract;
and that Zindorf is entitled to be awarded for the re-
moval of 1415 yards of dirt at the rate of thirty cents
per yard, in all $424.50.

The principal contention in behalf of Roe is that the
evidence does not warrant this result. To here review
the voluminous evidence would be, as we think, wholly
unprofitable, there being nothing but questions of fact
involved in this contention. The controversy was stren-
uously waged upon both sides. The evidence is volum-
inous and much in conflict. We deem it sufficient to
say that our review of the evidence, as abstracted by
counsel for Roe, convinces us that we would not be war-
ranted in disturbing the disposition of the cause made
by the decree of the trial court; that is, we are unable
to see that the evidence preponderates against that con-
clusion.

Some further contentions are made in support of
claims of error in rulings of the trial court in the intro-
duction and rejection of evidence, and in the denial of
Roe's motion for a new trial upon the ground of newly
discovered evidence. We have examined each of these
claims of error and think they are not of sufficient merit,
as presented, to warrant discussion here. We conclude
that none of these rulings calls for reversal of the de-
cree.

[1] Contention is made in behalf of Roe that, in
any event, Zindorf should not be awarded foreclosure
recovery because of the excessive amount claimed in
his filed notice of lien. Had Zindorf's counsel insisted

to the end of the trial on his right of foreclosure for the full amount claimed in his filed notice of lien, there might be some fair ground for arguing that the claim made in the lien notice and the seeking of foreclosure for the full amount thereof would evidence such bad faith on the part of Zindorf as to warrant the court in denying him foreclosure of his lien. However, the record before us shows that, near the beginning of the trial, after it had appeared that only 1415 lineal feet of the ditching and diking work had been completed, that being approximately only one-third of what was contemplated to be done under the contract, and before any objection by counsel for Roe was made as against the lien claim because of its alleged excessiveness in amount, counsel for Zindorf stated to the court, in substance, that upon reflection he had concluded that Zindorf was not entitled to recovery by way of foreclosure of his lien, other than for the contract price per yard of the amount of work done by him under the contract and loss of profit in being prevented from completing the contract by the fault of Roe; the profit loss, if any, manifestly being very small. This was manifestly put forward as, in substance, an amendment to Zindorf's lien notice and complaint, as he had the right to amend under Rem. Comp. Stat., § 1134 [P. C. § 9710], and so treated by the court and counsel for Roe. The trial proceeded accordingly; counsel for Roe not even at any time after that ever presenting to the trial court the question of Zindorf not being entitled to recovery by way of foreclosure because of excessive claim made in his original lien claim. It may be that the item of loss of profits was not a lienable item, but even that, in the final disposition of the case, was rejected and Zindorf was awarded only the contract price of thirty cents per yard for the 1415 yards of earth re-

moved. Under the circumstances shown by this record, we think it is clear that Zindorf should not, upon the theory of his bad faith in originally claiming an excessive amount, be denied recovery by way of foreclosure as awarded by the trial court. The following of our decisions lend support to this conclusion: *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389; *Strandell v. Moran,* 49 Wash. 533, 95 Pac. 1106; *Bellingham v. Linck,* 53 Wash. 208, 101 Pac. 843; *Hillman v. Donaldson,* 67 Wash. 410, 121 Pac. 866; *Gould v. McCormick,* 75 Wash. 61, 134 Pac. 676, Ann. Cas. 1915A 710, 47 L. R. A. (N. S.) 765.

The decree is affirmed.

MACKINTOSH, C. J., ASKREN, and TOLMAN, JJ., concur.